IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00236-LTB

HARLAN GARCIA,

    Applicant,

v.

T.K. COZZA-RHODES, Warden,

    Respondent.

---

ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

---

LEWIS T. BABCOCK, Senior Judge

This matter is before the Court on Applicant Harlan Garcia's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1], filed on January 30, 2013.[1]  Respondent has filed a Response to Order to Show Cause [Doc. # 21] and Applicant has filed a Reply [Doc. # 22].   Pursuant to an August 8, 2013 Order [Doc. # 23], Respondent filed a Second Supplemental Response on August 19, 2013. [Doc. ## 24, 27].  Having considered the same, the Court concludes that the Application should be denied.

**I. Background**

Mr. Garcia is a federal prisoner incarcerated at the Federal Correctional Institution in Florence, Colorado.  He was arrested by Colorado authorities on state

---

[1] Mr. Garcia is not represented by an attorney.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

criminal charges on or about December 2, 2006, in response to an October 18, 2006 federal indictment. [Memorandum in Support of Application, Doc. # 3, at 3; Declaration of John Farrar, Doc. #21-1, at ¶ 2]. The same day, a federal detainer was issued to the state authorities preventing Mr. Garcia's release on bond. [Doc. # 3, at 4-5].

Applicant was detained in the Jefferson County, Colorado, jail from December 2, 2006 to August 7, 2007, when the United States Marshals Service obtained custody of Mr. Garcia, pursuant to a writ of habeas corpus *ad prosequendum*, to answer the federal charges. [Doc. # 21-1, at ¶ 7(b); Doc. # 3, 3, 6]. Applicant was sentenced on May 14, 2008, in the District of South Dakota, case no. 06CR50079-02, to a 135-month prison term for Conspiracy to Distribute a Controlled Substance and Distribution of a Controlled Substance. [Doc. # 21-3]. Following his federal sentencing, Mr. Garcia was returned to the Colorado authorities and the United States District Court Judgment was filed as a detainer with the State of Colorado. [Doc. # 21-1, at ¶ 7(d)].[2]

On July 18, 2008, Mr. Garcia was sentenced by the State of Colorado to an 18-month prison term for a parole violation. [*Id.* at ¶ 7(e)]. The state district court ordered his sentence to run concurrent to the federal sentence. [Doc. # 3, at 5-6]. On July 29, 2008, Applicant was released from his state sentence to the custody of the United States Marshals Service to commence service of his federal sentence. [*Id.* at ¶ 7(f)].

---

[2]Mr. Garcia alleges that he remained in the custody of the United States Marshals Service, at the Federal Detention Center in Rapid City, South Dakota, until July 29, 2008. [Doc. # 3, at 9].

On May 21, 2013, the Bureau sent a letter to United States District Judge Lawrence L. Piersol of the District of South Dakota. [Doc. # 21-1, at ¶ 5; # 21-2].[3] The letter explained that Mr. Garcia had requested *nunc pro tunc* designation of his state facility for concurrent service of his federal sentence and asked Judge Piersol for his position with respect to the retroactive designation. [*Id.* at # 21-2]. On May 13, 2013, the Bureau received a letter from Judge Piersol who "[did] not retroactively recommend that the Colorado sentence or sentences be concurrent with the present federal sentence." [Doc. # 21-4].

On June 4, 2013, the Bureau conducted a review of Mr. Garcia's request for retroactive designation of concurrent state and federal sentences, pursuant to 18 U.S.C. § 3621(b), and denied the request. [Doc. # 21-1, at ¶¶ 15-18; # 21-5].

## II. Application

Mr. Garcia initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on January 30, 2013. In a preliminary response filed on March 14, 2013, Respondent declined to assert the defense of failure to exhaust administrative remedies. [Doc. # 11]. The case was drawn to a district judge and a magistrate judge on March 18, 2013.

In the Application, Mr. Garcia claims that he is entitled to credit against his federal sentence for (1) the period he was detained in the Jefferson County, Colorado, jail under a detainer lodged by the United States which prevented his release on bond (December 2, 2006 to August 7, 2007); and (2) the period he spent in custody pursuant

---

[3] Applicant's criminal case was re-assigned to Judge Piersol after the district judge who sentenced Applicant left the bench. [Doc. No. 21-1, at ¶ 5].

to a writ of habeas corpus *ad prosequendum* issued by the United States Marshals Service (between August 7, 2007 and July 29, 2008), because he was in primary federal custody during those periods. [Doc. # 1, at 2, 5; Doc. # 3, at 3-6, 9-11]. Alternatively, Mr. Garcia claims that he is entitled to a *nunc pro tunc* designation of concurrent sentencing for his state and federal sentences so that he receives credit against his federal sentence for the time he spent detained in the Jefferson County, Colorado, jail. [Doc. # 1, at 2; Doc. # 3, at 6-8].

### III.  Legal Standard

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a

defendant can receive credit for time spent in custody prior to commencement of his sentence).

The Attorney General, through the Bureau, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir.1991); *see also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing petitioner's request for *nunc pro tunc* designation of his state facility for service of federal sentence as a habeas corpus petition under 28 U.S.C. § 2241).

## IV.  Analysis

### A.  Application of 18 U.S.C. § 3585

Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, . . . the official detention facility at which the sentence is to be served." The Tenth Circuit has emphasized that "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *Binford*, 436 F.3d at 1254.

Respondents assert, and the Court agrees, that Mr. Garcia's federal sentence began on July 29, 2008, when the State of Colorado released him from his state sentence to the custody of the United States Marshals Service to begin service of his federal sentence.

Applicant argues, however, that his federal sentence commenced on December 2, 2006, when the federal authorities lodged a detainer with the State of Colorado that prevented his release on bond on the state charges. He further maintains that he was

5

serving his federal sentence while he was in custody pursuant to the writ of habeas corpus *ad prosequendum* issued by the United States Marshals Service.

When two sovereigns may claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). This "rule of comity" requires the second sovereign "to postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody." *Id.* When a state transfers a person in custody to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the detention is generally recognized as being temporary; the defendant is not regarded as being in "official detention" by the federal authorities. *See Brown v. Perrill*, 28 F.3d 1073, at 1073-1074 (10th Cir. 1994) (citing and quoting *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982)). The time spent in federal detention under such a writ is credited against the state sentence but not against the federal sentence. *See Binford*, 436 F.3d at 1256; *United States v. Welch*, 928 F .2d 915, 916 n. 2 (10th Cir.1991); *Hernandez*, 689 F.2d at 918-19.

The record demonstrates that Mr. Garcia was arrested and taken into state custody by the state authorities on December 2, 2006. Therefore, the State "had primary custody of [him] and the right to maintain or relinquish control of [him]." *Weekes*, 301 F.3d at 1180. The time Applicant spent in federal custody to attend federal criminal proceedings was pursuant to a writ of habeas corpus *ad prosequendum* and, as such, was for the purpose of the administration of justice and comity between

jurisdictions rather than service of his sentence. *See Brown*, 28 F.3d at 1074; *Hernandez*, 689 F.2d at 918–19. Moreover, the issuance of federal detainers on Mr. Garcia both before and after the state court sentenced him show that the United States acted as though Colorado had custody of Applicant and that the United States had agreed to that custody. *See Weekes*, 301 F.3d at 1182 (use of detainers indicates that sovereign did not have custody). Accordingly, the Court is not persuaded by Mr. Garcia's arguments that his federal sentence commenced earlier than July 29, 2008.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Even if Mr. Garcia arguably was in "federal" custody between December 2, 2006 and August 7, 2007 (as a result of the state court's denial of release on bond because of the federal detainer), the record establishes that all of the time Applicant spent in custody between December 2, 2006 and July 28, 2008 was credited against his state sentence. [Doc. # 21-1, at ¶3; ## 24 and 27]. As such, the Court finds and concludes that Mr. Garcia is not entitled to additional credit against his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time."); *Falan v. Gallegos*, No. 01-1427, 38 F. App'x 549, 552 (10th Cir. April 18, 2002) (unpublished) (rejecting petitioner's argument that he was entitled to credit against his federal sentence for time spent in state custody where denial of state parole was allegedly due to a federal detainer, but evidence showed that parole was denied on

other grounds; in any event, the petitioner received credit for that time against his state sentence).

Mr. Garcia's relies on *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *United States v. Haney*, 711 F.2d 113 (8th Cir. 1983) to support his argument that he is entitled to both state and federal credit for his detention from December 2, 2006 to August 7, 2007. However, those cases are distinguishable because they were decided based on § 3585's predecessor – § 3568 (repealed) – which required the Attorney General to award sentence credit for "any days spent in custody in connection with the offense or acts for which sentence was imposed." *See Willis*, 438 F.2d at 925 (citing § 3568); *Haney*, 711 F.2d at 114 (same). Section 3585 was enacted pursuant to the Sentencing Reform Act of 1984, and applies to offenses committed after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329, 332 (1992); *Bledsoe v. United States*, 384 F.3d 1232 (10th Cir. 2004). In this case, the Court is bound by the statutory mandate of 18 U.S.C. § 3585(b), which expressly prohibits double crediting.

### B. Concurrent Designation of State and Federal Sentences

Because Mr. Garcia's federal sentence did not commence until July 29, 2008, and he has received credit against either his state or federal sentence for all of the time he has spent in custody—from his arrest on December 2, 2006 until this date—the only way Applicant would be entitled to further credit against his federal sentence is if his federal and state sentences had been ordered to run concurrently.

Federal sentencing courts have the discretion to order a federal sentence to run concurrent with or consecutive to an anticipated state sentence. *See Setser v. United States*, ___ U.S. ___, 132 S.Ct. 1463, 1468 (2012); *see also Binford*, 436 F.3d at 1254;

*Anderson v. United States*, 405 F.2d 492, 493 (10th Cir.1969) (rejecting argument that "no court has the authority to impose a sentence consecutive to something that does not exist") (quotation marks omitted). When a federal sentence is silent on the matter, a statutory presumption is triggered; multiple sentences imposed at different times—even as between state and federal sentences—run consecutively. 18 U.S.C. § 3584(a) (stating that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently); *see also United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) ("The plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently."); *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (assuming § 3584(a) applies when one of the multiple sentences is a state sentence).

Here, the federal district court was aware of the pending state charges against Mr. Garcia at the time of sentencing, but did not indicate whether the federal sentence would run concurrent with or consecutive to any subsequent state sentence. [Doc. # 21-4, at 1]. A consecutive sentence is presumed in light of the federal district court's silence. 18 U.S.C. § 3585(a). Mr. Garcia has failed to rebut the presumption.

Moreover, "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Bloomgren*, 948 F.2d at 691; *see also Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990) ([N]either the federal courts nor the [Bureau] are bound in any

way by the state court's direction that the state and federal sentences run concurrently, citing U.S. Const. art. VI, cl. 2).

Mr. Garcia relies on *Barden* in support of his claim that he is entitled to *nunc pro tunc* designation of concurrent service of his state and federal sentences. In *Barden*, the United States Court of Appeals for the Third Circuit recognized that the Bureau has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where: the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence; and, the federal judgment is silent as to whether the federal sentence would run consecutively to or concurrent with any future state sentence. *Barden*, 921 F.2d at 477-478 (citing 18 U.S.C. § 3621(b), which affords the Bureau wide discretion to designate an inmate's place of confinement). The *Barden* court held that the "federal authorities have an obligation [to] exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*." *Id.*

The Court of Appeals for the Tenth Circuit has not expressly adopted *Barden*. *See Miller*, 594 F.3d at 1242. However, the Circuit Court has recognized in an unpublished opinion that the Bureau has discretion under§ 3621(b) to designate a state institution for service of an offender's federal sentence. *See Heddings v. Garcia*, No. 11-1346, 491 F. App'x 896, 899-900 (10th Cir. Aug, 7, 2012) (unpublished); *see also McCarthy v. Warden, USP Leavenworth*, No. 05-3232, 168 F. App'x 276, 277-78 (10th Cir. 2006) (unpublished).

10

The Bureau considered Mr. Garcia's request for administrative remedy, in part, as a request for *nunc pro tunc* designation of concurrent service of his state and federal sentences under *Barden*. The Bureau determined, based on the five factors listed in § 3621(b), that a retroactive designation for Applicant was not appropriate, based on his extensive criminal history and the federal sentencing court's recommendation. The Bureau's denial of a concurrent sentence designation is reviewed for abuse of the agency's substantial discretion under § 3621. *See Fegans v. United States*, 506 F.3d 1101, 1105 (10th Cir. 2007) (citation omitted); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe*, 146 F.3d 118, 123 n. 4 (2d Cir. 1998); *Barden*, 921 F.2d at 478; *see also McCarthy v. Florence*, Case No. 08-cv-00961-REB, 2010 WL 2163781 at *2 (D. Colo. May 26, 2010).

The Bureau's administrative regulations provide that the designation of an appropriate state institution for service of a "concurrent" federal sentence must be "consistent with the intent of the federal sentencing court or the goals of the criminal justice system. *See U.S. v. Dotson*, No. 11-6001, 430 F. App'x. 679, 684 (10th Cir. July 13, 2011) (unpublished) (quoting Bureau of Prisons Program Statement § 5160.05, § 8). Here, in light of Mr. Garcia's criminal history and the federal sentencing court's recommendation that retroactive designation of concurrent sentences not be granted, the Court finds and concludes that the Bureau did not abuse its discretion in denying the request. *McCarthy*, 2010 WL 2163781 at *3; *see also Taylor,* 284 F.3d at 1149 (the Bureau's decision "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy").

In sum, Mr. Garcia has failed to demonstrate that the Bureau calculated his sentence incorrectly. He therefore is not entitled to federal habeas relief.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**V. Order**

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 1], filed by Harlan Garcia on January 30, 2013, is DENIED and this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Applicant may file a motion in the Tenth Circuit.

Dated at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
Lewis T. Babcock, Senior Judge
United States District Court